# Application of 18 U.S.C. § 203 to Former Employee's Receipt of Attorney's Fees in Qui Tam Action

Title 18, section 203, U.S. Code, would not bar a former federal employee from sharing in attorney's fees in a qui tam action, provided that those fees, calculated under the lodestar formula, are prorated such that the former employee does not receive any fees attributable to his time in the government.

February 28, 2002

MEMORANDUM OPINION FOR THE
DEPUTY GENERAL COUNSEL AND DESIGNATED AGENCY ETHICS OFFICIAL
EXECUTIVE BRANCH DEPARTMENT[*]

You have asked for our opinion whether, under 18 U.S.C. § 203 (1994), a former federal employee may share, on a prorated basis, in fees awarded to his firm for representational services in a qui tam action that was pending both during periods in which he was working for the federal government and during a period in which he was working for his firm. *See* Letter for Daniel Koffsky, Acting Assistant Attorney General, Office of Legal Counsel, from Deputy General Counsel, Executive Branch Department, *Re: Request for Written Opinion on Former Employee's Receipt of Attorney's Fees* (June 6, 2001) ("Department Letter"). We conclude that, subject to the conditions set out below, the statute would not bar his receiving a prorated share of attorney's fees that are calculated under the lodestar method.[1]

## I. Background

A former employee of your agency is now a member of a law firm that represents relators in a qui tam action. The United States intervened in the action and settled it in April 2000, Department Letter at 1; *see* 31 U.S.C. § 3730(b)(2) (1994); and the relators have petitioned the court for an award of attorney's fees to be paid by the defendant to the law firm. *Id*. § 3730(d); *see United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, 89 F.3d 574, 578 (9th Cir. 1996). The petition seeks "lodestar" fees calculated as "the product of reasonable hours times

---

[*] Editor's Note: We are not identifying in the published version of this opinion the Executive Branch department that employed the individual who is the subject of the opinion.

[1] As you suggest, *see* Department Letter at 3, 18 U.S.C. § 205 (1994 & Supp. II 1996) would not be implicated by the former employee's receipt of fees now, because that provision applies only to current federal employees. *See Application of 18 U.S.C. § 205 to Communications Between the National Association of Assistant United States Attorneys and the Department of Justice*, 18 Op. O.L.C. 212 (1994).

a reasonable rate."[2] *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (defining "lodestar"); *see also City of Burlington v. Dague*, 505 U.S. 557, 560-61, 562, 565 (1992) (distinguishing fees calculated under the lodestar method from "certain" fees, which are "payable without regard to the outcome of the suit," and from fees under "the contingent-fee model," which "would make the fee . . . a percentage of the value of the relief awarded in the primary action").

The former employee worked for the federal government during two separate periods when his current firm was working on the qui tam case. It was during the first of these periods, in November 1995, that the firm entered the case. The former employee left federal employment in June 1997 and worked for the firm from July 1997 until December 1999, during which time he took part in the firm's efforts in the case. After a second period of federal employment from December 1999 until January 2001, he returned to the firm. Department Letter at 1. The fee petition covers the firm's work from November 1995 through April 2000. The former employee seeks to share in the fees awarded, under a formula designed to identify the proportion of the fees attributable to the time he was not employed by the federal government:

> He is seeking only his partnership share of the fees attributable to the actual hours worked by the law firm during the 2½-year period in which he was not in Federal service. For example, if the law firm worked 100 hours in total on the case, 25 hours of which occurred during that 2½-year period, the Employee would receive only his partnership share of the attorneys' fees attributable to the 25 hours.

Department Letter at 4.

This formula is designed to comply with 18 U.S.C. § 203(a), which, among other things, subjects to criminal penalties anyone who,

> otherwise than as provided by law for the proper discharge of official duties, directly or indirectly—
>
> (1) demands, seeks, receives, accepts, or agrees to receive or accept any compensation for any representational services, as agent or attorney or otherwise, rendered or to be rendered either personally or by another—
>
> * * *

---

[2] Here, the firm has sought an upward adjustment through a multiplier of the lodestar. Our opinion should not be read as addressing the former employee's receipt of a share in any such adjustment, should the court grant it.

> (B) at a time when such person is an officer or employee . . . of
> the United States in the executive . . . branch of the Government,
> or in any agency of the United States,

> in relation to any proceeding, application, request for a ruling or oth-
> er determination, contract, claim, controversy, charge, accusation,
> arrest, or other particular matter in which the United States is a party
> or has a direct and substantial interest, before any department, agen-
> cy, court, court-martial, officer, or any civil, military, or naval com-
> mission.

## II. Discussion

As your letter notes, section 203, at the least, forbids the former employee from sharing in fees covering the firm's work performed while the former employee was in the federal government. Department Letter at 2. The United States was a party to the qui tam case, and section 203 reaches payments for representational services, whether performed personally or by another, in such a matter. Further, section 203 extends to compensation received after an employee leaves federal service, if the payment is for representational services performed during the period of federal employment: "18 U.S.C. § 203 prohibits a former government employee from receiving any share of a fee earned by others for work they performed [before an agency or court] at the time he was a federal employee. This section requires a law firm which a former government lawyer joins to ensure that the lawyer does not receive any share of the firm's fee attributable to work it per- formed [before such a forum] at the time the lawyer was with the Federal Gov- ernment." Memorandum for Lovida H. Coleman, Jr., Special Assistant to the Deputy Attorney General, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Application of Ethics Act Restrictions to United States Trustees and Supervisors of Trustees* at 5 (July 5, 1979). *See also* Memo- randum, *Re: Statutory and Ethical Restrictions on Former Non-Legal Government Officers and Employees of the White House Staff* at 5 (Feb. 10, 1971) ("The section makes it unlawful for a former official to share in any fees received by the firm for services in a matter covered by the statute and performed by the firm at any time during the period of his government employment."); H.R. Rep. No. 87- 748, at 20 (1961) (section 203 corrects the omission of the predecessor statute, which did not cover post-employment receipt of compensation for services rendered during the period of government employment).

The question here is whether, under the proposed formula for prorating an award of attorney's fees calculated under the lodestar method, the former employ- ee would be receiving compensation for services that were rendered at a time when he was a federal employee. We have not previously addressed the applica-

tion of section 203 in circumstances where a fee would be calculated under the lodestar method and would cover some periods during which a former employee worked in the federal government and some periods during which he did not. We must decide whether to follow, in this context, the usual interpretation of section 203's application to awards under the contingent fee model. Under that interpretation, for example, it has been "the longstanding view of the Office of Legal Counsel that § 203 prohibits an individual entering government employment from maintaining a contingent interest in fees recoverable in a proceeding involving the United States." *Application of 18 U.S.C. § 203 to Maintenance of Contingent Interest in Expenses Recoverable in Litigation Against the United States*, 22 Op. O.L.C. 1, 2 (1998) ("1998 Opinion); *see also* Office of Government Ethics, *Compensation Arrangements for Former Federal Government Employees and 18 U.S.C. § 203*, Informal Advisory Op. 93x31 (Oct. 26, 1993), *available at* http://www.oge.gov/ OGE-Advisories/Legal-Advisories/Legal-Advisories/ (last visited Aug. 4, 2012) (applying interpretation to receipt of contingency fee by former employee). We observed in the 1998 Opinion that "the rationale underlying this longstanding interpretation has never been articulated with clarity" but that "[a] rule against retaining a contingent interest in fees reflects that a contingent fee covers the entire representation up to the payment, the amount remains uncertain until then, and the fee thus compensates, in part, for representational services performed after the employee began working for the United States." 22 Op. O.L.C. at 2 n.2. If fees under the lodestar method are like fees under the contingent fee model, each dollar of lodestar fees might be seen as compensating for the entire representation, including (in a case like the present one) that part of the representation when the former employee was with the federal government. In that event, section 203 would bar a former employee from receiving any part of the lodestar award.

We do not believe that this treatment of contingent fees should be extended to lodestar awards. Under the contingent fee model, because the fee is for the whole representation, no part of the fee is assigned to any particular time. By contrast, under the lodestar model, the fees are segregated by time. The value of work during any particular period is fixed, according to the hours worked, multiplied by the reasonable rate. A lawyer who receives only fees generated during the time he was not with the government thus does not receive "any compensation for any representational services, as agent or attorney or otherwise, rendered or to be rendered either personally or by another . . . at a time when such person is an officer or employee" of the United States. 18 U.S.C. § 203(a).

To be sure, without the work that took place here during the time of the employee's service in the federal government, the qui tam action would not have succeeded, and it might therefore be argued that, in receiving a portion of the firm's fees, the employee necessarily would be compensated for representational services performed during that time. But our 1998 Opinion, which examined reimbursement for expenses in contingent cases, concluded that the statutory

language "compensation for representational services" would not support such an argument:

> [T]he use of the word "for" makes clear that § 203 embodies an element of exchange . . . . [T]he fact that a government officer or employee receives a monetary payment or something else of value will not alone trigger a violation of § 203. Nor is it sufficient that an officer or employee receives something of value *because* a representational service occurred during his or her government tenure. The provision requires that the officer or employee receive something of value *in exchange for* the representational services performed on the client's behalf during the officer's or employee's government tenure.

22 Op. O.L.C. at 3 (emphasis added).[3] Here, under the same reasoning, the hours worked by others while the employee was with the government were necessary to the successful outcome resulting in the firm's entitlement to receive any fees, but that fact means only that the former employee would receive fees *because of* work done while he was a federal employee, not that he would receive a share of fees paid *in exchange for* that work.

In the 1998 Opinion, we noted that the interpretation of section 203 as applicable to contingent fees was "consistent with a view of § 203 as primarily seeking to prevent the actual or apparent influence of an officer or employee over a proceeding involving the government by virtue of the individual's pecuniary interest in the proceeding's outcome." 22 Op. O.L.C. at 2 n.2 (citation omitted). In that opinion, we concluded that the statute did not reach a contingent arrangement for the recovery of expenses, as opposed to fees, but we conceded that, to the extent the statute's purpose was to guard against the influence that might be exercised by a government employee with an interest in a proceeding, the statute arguably should receive a broader interpretation than we were giving it. There, as here, it could have been said that "the official's incentive to influence the outcome of a proceeding, the danger that an adjudicator would be affected by the knowledge that the official possesses an interest in the proceeding's outcome, or the possibility that the interest would cause the official to be biased in other government matters," *id*. at 6, would be just as strong as in the paradigm case of a contingent fee for services. Nevertheless, we did not find ourselves "free to interpret § 203 without regard for its textual boundaries." *Id*.

Our analysis here rests on the critical assumptions that the fees in question will be awarded under the lodestar method, *see United States ex rel. John Doe I v. Pennsylvania Blue Shield*, 54 F. Supp.2d 410, 414 (M.D. Pa. 1999) (applying

---

[3] We made the additional argument that the repayment of expenses was not "compensation" for "representational services" under the statute. 1998 Opinion at 3.

method to fee calculation in qui tam action), and that the lodestar amount will not be enhanced or otherwise adjusted (e.g., based on the special value of services provided by the firm when the former employee was working for the federal government) in ways that render our analysis inapplicable. Moreover, the details of the formula in the present case for computing the former employee's share, which we do not know, could raise issues under section 203. The formula, as described in general terms by your letter, is based on the firm's hours devoted to the case while the former employee worked there, divided by the firm's total hours in the whole case. However, unless the formula takes account of the other factor in the lodestar calculation—the billing rates on which the fee award is based—this calculation may not completely separate the fees attributable to the time that the former employee was in the government from the other fees in the case. Particular periods may be tied to higher or lower payments for the same hours, to the extent reasonable billing rates for those hours differ. A similar attribution problem might arise if the court disallows inclusion in the lodestar amount of a number of billed hours but fails to make clear for which periods those hours were billed.

M. EDWARD WHELAN III
*Principal Deputy Assistant Attorney General*
*Office of Legal Counsel*